IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01027-BNB

KYLE LEE HOUSTON,

    Plaintiff,

v.

[NO DEFENDANTS NAMED],

    Defendants.

## ORDER OF DISMISSAL

    Plaintiff, Kyle Lee Houston, is a prisoner in the custody of the Colorado Department of Corrections. Mr. Houston initiated this action by filing *pro se* a confusing letter (ECF No. 1) in which he appeared to contend that his rights have been violated. The instant action was commenced and, on April 10, 2014, Magistrate Judge Boyd N. Boland entered an order directing Mr. Houston to cure certain deficiencies if he wished to pursue any claims. Specifically, Magistrate Judge Boland directed Mr. Houston to file on the court-approved form a Prisoner Complaint and either to pay filing and administrative fees totaling $400.00 or to file on the court-approved form a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 along with a certified copy of his inmate trust fund account statement and an authorization to calculate and disburse filing fee payments. Mr. Houston was warned that the action would be dismissed without further notice if he failed to cure the deficiencies within thirty days. On May 9, 2014, Magistrate Judge Boland entered a minute order granting Mr.

Houston an extension of time until June 10, 2014, to cure the deficiencies.

Mr. Houston filed three additional documents in this action after being granted an extension of time to cure the deficiencies that are confusing and difficult to understand. (*See* ECF Nos. 7-9.)  He has failed to cure the deficiencies within the time allowed because he has failed to file on the proper form a Prisoner Complaint that identifies the claims he intends to pursue in this action and he has failed either to pay filing and administrative fees totaling $400.00 or to file on the court-approved form a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 along with a certified copy of his inmate trust fund account statement and an authorization to calculate and disburse filing fee payments.  Therefore, the action will be dismissed without prejudice for failure to cure the deficiencies.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Plaintiff files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the action is dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure because Mr. Houston failed to cure the deficiencies as directed.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  17th  day of      June        , 2014.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court